***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-14-0000695
04-MAR-2016
07:58 AM**

SCWC-14-0000695

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

FRED Y. MIKAWA,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-14-0000695; CASE NO. 1DTA-13-05574)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting separately,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Fred Y. Mikawa seeks review of the Intermediate Court of Appeals' (ICA) October 9, 2015 Judgment on Appeal, entered pursuant to its August 27, 2015 Summary Disposition Order, which affirmed the District Court of the First Circuit's (district court) February 27, 2014 Notice of Entry of Judgment and/or Order and Plea/Judgment (district court

judgment).[1]  The district court found Mikawa guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2010).[2]  We accepted Mikawa's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Mikawa was taken to the police station, where he was read an implied consent form.[3]

---

[1]    The Honorable Faye M. Koyanagi presided.

[2]    HRS § 291E-61(a)(3) (Supp. 2010) provides in relevant part:

(a)    A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

        (3)    With .08 or more grams of alcohol per two hundred ten liters of breath. . . .

[3]    The form read in relevant part:

1. ___    Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2. ___    You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3. ___    You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21.  However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the

Mikawa elected to take a breath test, which resulted in a breath alcohol content reading of 0.130 grams of alcohol per 210 liters of breath.  Mikawa filed several motions to suppress statements and evidence of his breath test for alcohol concentration, arguing, inter alia, that the test was based on his involuntary consent in violation of the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Hawai'i Constitution.  The district court denied all of Mikawa's motions to suppress, and the ICA affirmed the district court's denial of these motions.  On certiorari, Mikawa contends that he did not constitutionally consent to the breath test because his consent was coerced by the implied consent form, which conveyed a threat of imprisonment and significant punishment for refusal to submit to a breath, blood, or urine test, under HRS § 291E-69 (Supp. 2010).  He further contends that without the evidence from the breath test, there was not sufficient facts to sustain his conviction under HRS § 291E-61(a)(3).

In State v. Won, 136 Hawai'i 292, 3122, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a

---

sanctions of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched." In accordance with State v. Won, the result of Mikawa's breath test was the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Mikawa's motion to suppress the breath test result. Accordingly, Mikawa's OVUII conviction cannot be upheld.

IT IS HEREBY ORDERED that the ICA's October 9, 2015 Judgment on Appeal and the district court judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in State v. Won.

DATED: Honolulu, Hawai'i, March 4, 2016.

Jonathan Burge
for petitioner

Brian R. Vincent
for respondent

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

